UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIEL MARTIN PLASCENCIA and ALEJANDRO ASTIAZARAN,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CALLAHAM, JANE DOE CALLAHAM, and their marital community; JAMES MCDANIEL, and their marital community; and ROSE MANOR, INC.,<br><br>Defendants. | Case No. C08-5453RJB<br><br>ORDER |

This matter comes before the court on the Notice of Bankruptcy Filing, filed on August 2, 2010. Dkt. 50. The court has considered the relevant records and the file herein.

On March 17, 2009, James McDaniel and his marital community were dismissed as defendants, following a stipulation of the parties. Dkt. 21. The remaining defendants in this case are David Callaham and Jane Doe Callaham, and Rose Manor, Inc.

On August 2, 2010, counsel for David Callaham and Jane Doe Callaham, and Rose Manor, Inc. Filed a notice, informing the court that Mr. Callaham has filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Dkt. 50.

Pursuant to 11 U.S.C. § 362(a), the bankruptcy petition operates as an automatic stay, applicable to all entities, of "the commencement or continuation, including the issuance or employment of process of a judicial, administrative, or other action or proceeding against the debtor that was or could have been

ORDER
Page - 1

commenced before the commencement of the case under this title or to recover a claim against the debtor that arose before the commencement of the case...." The automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. *See, e.g., In re Casgul of Nevada, Inc.,* 22 B.R. 65, 66 (9th Cir. BAP 1982). It does not protect non-debtor parties or their property. *See, e.g., Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121-22 (4th Cir.1988); *Casgul of Nevada,* 22 B.R. at 66.

Defendant David Callaham is subject to the automatic stay provisions of 11 U.S.C. § 362. At issue is whether the case should proceed against the remaining defendant or defendants. Plaintiffs should be directed to inform the court whether they believe that the case should be stayed as to all defendants, until the Bankruptcy Court issues an order lifting or modifying the automatic stay; or whether they wish to proceed at this time against the remaining defendant or defendants.

Therefore, it is hereby

**ORDERED** that, not later than August 16, 2010, plaintiffs are **ORDERED** to inform the court whether they believe that the case should be stayed as to all defendants, until the Bankruptcy Court issues an order lifting or modifying the automatic stay; or whether they wish to proceed at this time against the remaining defendant or defendants. The remaining defendant(s) may file a response not later than August 23, 2010. Plaintiffs may file a reply not later than August 27, 2010. The matter is noted for consideration on August 27, 2010.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of August, 2010.

Robert J Bryan
United States District Judge

ORDER
Page - 2